5   UNITED STATES DISTRICT COURT
6   EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUSSELL JD SMITH,<br><br>                 Plaintiff,<br><br>    v.<br><br>KITTITAS COUNTY VETERANS COALITION; KITTITAS COUNTY BOARD OF COUNTY COMMISSIONERS; VETERANS ADVISORY BOARD; JERRY PETTIT, Kittitas County Auditor; PAUL JEWELL; OBIE O'BRIEN; BILLY ROBBINS; CHAD LARSON; RONALD NESS; BRENT PAINE; JOSEPH PEACH; MEL GOUDGE; and WERNER HILLEMANN,<br><br>                 Defendants. | NO: 1:16-CV-3140-RMP<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is a Motion for Summary Judgment, ECF No. 36, by Defendants Kittitas County Board of County Commissioners, Veterans' Advisory Board, Jerry Pettit, Paul Jewell, Obie O'Brien, Chad Larson, Ronald Ness, Brent Paine, Joseph Peach, and Mel Goudge's (collectively, "County Defendants"). Defendants Kittitas County Veterans Coalition, Billy Robbins, and

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1

Werner Hillemann (collectively, "KCVC Defendants") join the County Defendants in the Motion for Summary Judgment. ECF No. 40. The Court has reviewed the pleadings, including Plaintiff's Response to Defendants' Summary Judgment, ECF No. 42, and is fully informed.

## BACKGROUND

Plaintiff Russell Smith, appearing *pro se*, filed suit against the County Defendants and KCVC Defendants. ECF No. 1-1. In his amended complaint, ordered by this Court, Mr. Smith raises two claims. ECF No. 30 at 3. Mr. Smith alleges violations of Mr. Smith's rights under § 504 of Title II of the Americans with Disabilities Act of 1990.[1] *Id.* Mr. Smith also alleges a violation of RCW 11.94.043. *Id.* Mr. Smith alleges that Defendants violated his civil rights, but he did not assert a 42 U.S.C. § 1983 claim in his amended complaint. The Court considers Mr. Smith's civil rights claim abandoned, but will still analyze a § 1983 claim as though it had been pleaded in Mr. Smith's amended complaint.

This Court has federal question jurisdiction over Mr. Smith's Americans with Disabilities Act and Rehabilitation Act claim and any 42 U.S.C. § 1983

---

[1] Mr. Smith appears to conflate two laws in his discrimination claim, the ADA and the Rehabilitation Act. "Title II of the ADA was expressly modeled after § 504 of the Rehabilitation Act." *Duvall v. County of Kitsap*, 206 F.3d 1124, 1135 (9th Cir. 2001). However, Title II of the ADA and § 504 of the Rehabilitation Act "create the same rights and obligations." *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1055 n.1 (9th Cir. 2005). Therefore, the Court will consider Mr. Smith's discrimination claim under both Acts.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 2

claims pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Mr. Smith's Washington State law claim pursuant to 28 U.S.C. § 1367.

Mr. Smith alleges that acts by Defendant Werner Hillemann and by KCVC resulted from decisions made by all Defendants. ECF No. 30 at 3-4. Mr. Smith further alleges that, as a result of Defendants' actions, Mr. Smith has suffered emotional and physical damages in the amount of $3.5 million. *Id.*

The County Defendants, joined by KCVC Defendants, seek dismissal with prejudice as to all of Mr. Smith's claims. ECF Nos. 36 & 40. Defendants argue that Mr. Smith has failed to provide evidence that any of the County Defendants were involved in the incidents related to Mr. Smith's claims and that Mr. Smith has failed to establish facts necessary to support his prima facie case for each of his claims. ECF No. 36.

As a preliminary matter, this Court explained to Mr. Smith that he would need to comply with the rules of civil procedure while prosecuting his lawsuit in this court. ECF No. 30 at 2. In addition, Defendants provided Mr. Smith with a notice regarding the summary judgment rule requirements for *pro se* litigants, which states that a party responding to a motion for summary judgment must file a responsive memorandum as well as a statement of the specific facts which establish a genuine issue of material fact precluding summary judgment. ECF No. 41.

Although Mr. Smith responded to Defendants' motion for summary judgment with a responsive memorandum, Mr. Smith did not provide the required statement of facts or supporting evidence. *See* ECF No. 42. Mr. Smith asserts in his responsive memorandum that he will show how each of his allegations is supported by evidence and depositions, as well as how all Defendants are culpable, but Mr. Smith did not proffer specific facts or provide evidence to support his assertions and arguments. *See id.*

## DISCUSSION

### *Legal Standard for Summary Judgment*

A court may grant summary judgment where "there is no genuine dispute as to any material fact" of a party's prima facie case, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-33 (1986); *see also* FED. R. CIV. P. 56(c). A genuine issue of material fact exists if sufficient evidence supports the claimed factual dispute, requiring "a jury or judge to resolve the parties' differing version of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). "A key purpose of summary judgment 'is to isolate and dispose of factually unsupported claims.'" *Id.* (citing *Celotex*, 477 U.S at 324).

The moving party bears the burden of showing the absence of a genuine issue of material fact, or in the alternative, the moving party may discharge this burden by showing that there is an absence of evidence. *See Celotex*, 477 U.S. at

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 4

325. The burden then shifts to the nonmoving party to set forth specific facts showing a genuine issue for trial. *See id.* at 324. The nonmoving party "may not rest on mere allegations, but must by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* The Court will not infer evidence that does not exist in the record. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990) (court will not presume missing facts). The Court will "view the evidence in the light most favorable" to the nonmoving party. *Newmaker v. City of Fortuna*, 842 F.3d 1108, 1111 (9th Cir. 2016). The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

*ADA or Rehabilitation Act Claim*

Defendants argue that Mr. Smith cannot establish a prima facie case under Title II of the ADA, or under § 504 of the Rehabilitation Act. ECF No. 36 at 12. Mr. Smith alleges that Defendants discriminated against him in violation of Title II of the ADA and § 504 of the Rehabilitation Act when Defendant Werner Hillemann allegedly prevented Mr. Smith from entering the KCVC offices and completing and submitting an application for assistance on March 2, 2016. ECF No. 30 at 3.

Title II of the ADA and § 504 of the Rehabilitation Act (collectively, "the Acts") "create the same rights and obligations." *Wong v. Regents of the Univ. of*

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 5

*California*, 410 F.3d 1052, 1055 n.1 (9th Cir. 2005). To prove discrimination in violation of the Acts, the plaintiff must show: 1) that he is disabled within the meaning of the Acts; 2) that he was discriminated against by a public entity; and that the discrimination was "by reason of" his or her disability. *See* 42 U.S.C. § 12132; 29 U.S.C. § 794; *see also Duvall v. County of Kitsap*, 206 F.3d 1124, 1135 (9th Cir. 2001).

In support of his disability discrimination claim, Mr. Smith asserts that he is a disabled combat veteran, suffering from cyclothymia and post-traumatic stress disorder (PTSD). ECF No. 1-1 at 6. To prove that he is disabled within the meaning of the ADA, Mr. Smith must show that he has: 1) "a physical or mental impairment that substantially limits one or more of [his] major life activities"; 2) "a record of such an impairment"; or 3) been "regarded as having such an impairment." 42 U.S.C. § 12102(2). A Department of Veterans Affairs rating decision found that Mr. Smith had hearing loss in his left ear but determined that Mr. Smith was entitled to 0% compensation. ECF No. 39-3 at 4. It also concluded that Mr. Smith had hearing loss in his right ear and a "mood disorder and personality disorder." *Id.* However, Mr. Smith has failed to provide any evidence that these ailments substantially limit one or more of Mr. Smith's major life activities in some way.

Mr. Smith also must show that he was discriminated against by a "public entity," which, as defined by the ADA, includes any State or local government, or

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 6

any department, agency, or other instrumentality of a State or local government. 42 U.S.C. § 12131. Defendants in their individual capacities are not subject to liability under the Acts. *See Daniel v. Levin*, 172 Fed.Appx. 147, 149 (9th Cir. 2006). Defendants argue that Mr. Smith's claim under the Acts at most implicates only KCVC. ECF No. 36 at 3. Because it is an independent, non-profit corporation, distinct from Kittitas County, and Kittitas County does not direct, control, or manage the day-to-day operations of Defendant KCVC, Defendant KCVC is not a "public entity" under the Acts. *See* ECF No. 36, ¶ 4. In his response, Mr. Smith asserts without support that there was a "chain of command" linking the public County Defendants and the private KCVC Defendants. ECF No. 42 at 2.

Even if the Court assumes that Mr. Smith is disabled within the meaning of the Acts, which the Court does not, and if the Court assumes that KCVC is a "public entity" under the Acts, which the Court does not, Mr. Smith also must show that Defendants discriminated against him by reason of his disability.

Mr. Smith has failed to provide any argument or evidence to support his claim that Defendants acted in response to his alleged disabilities. Instead, Mr. Smith stated that Defendant Hillemann called Mr. Smith a "troublemaker," "a liar," and "a piece of shit." ECF No. 39-11 at 33. Mr. Smith characterized the interaction with Defendant Hillemann as "that classic confrontation between an enlisted person and lifer. I ain't [sic] a lifer." *Id.* These statements indicate that

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 7

the conflict between Mr. Smith and Defendant Hillemann was of a personal nature, not based on Mr. Smith's disabilities.

Defendants assert that the 2016 altercation between Mr. Smith and Defendant Hillemann was the result of a prior incident in which Mr. Smith and a friend were involved in a verbal altercation with a KCVC representative. *Id.* at 14. Defendants also argue that because Mr. Smith did not actually complete or submit an application for benefits through KCVC in 2016, the KCVC Defendants did not deny Mr. Smith any benefits, and therefore, could not have discriminated against him. *Id.* at 13-14. In Mr. Smith's response, he does not address Defendants' arguments or provide any arguments that support his claim that Defendant Hillemann's conduct was discriminatory in response to Mr. Smith's alleged disabilities. *See* ECF 42.

Therefore, even if the Court considers Mr. Smith's evidence in the light most favorable to him, the Court finds that Mr. Smith has not presented evidence sufficient to sustain a genuine issue of material fact as to any of the prima facie elements of his discrimination claim under Title II of the ADA or § 504 of the Rehabilitation Act. The Court finds that summary judgment is proper and dismisses with prejudice Mr. Smith's discrimination claims under the Acts.

***Power of Attorney Revocation Claim***

Mr. Smith alleges that Defendant KCVC revoked Mr. Smith's power of attorney, without his permission or knowledge, and without providing the express

notice to Mr. Smith as required under RCW 11.94.043.  ECF No. 30 at 3.  Mr. Smith alleges that this revocation damaged him, because it delayed the application he had submitted to the Department of Veterans Affairs.  ECF No. 1-1 at 7-8.

Defendants assert that Mr. Smith has not established that a genuine issue of material fact exists as to whether the KCVC Defendants violated RCW 11.94.043 by terminating Mr. Smith's power of attorney without his permission.  ECF No. 36 at 14-16.  RCW 11.94.043 was repealed effective January 1, 2017.  While it was in effect, the statute provided that: a durable power of attorney "shall continue in effect until revoked or terminated by the principal, by a court-appointed guardian, or by court order."

Mr. Smith alleges that, in 2012, the KCVC Defendants improperly revoked a power of attorney in violation of RCW 11.94.043, which negatively affected an application that Mr. Smith had submitted to the Department of Veterans' Affairs (VA).  ECF No. 30 at 3; ECF No. 1-1 at 7-8.  Mr. Smith asserts that the VA acted upon KCVC Defendants' notice of revocation by stopping Mr. Smith's VA Application.  ECF No. 1-1 at 7-8.  Mr. Smith has not provided evidence to support his claim that the KCVC Defendants took any action to revoke a power of attorney in 2012.  However, Defendants provided evidence that the KCVC Defendants sent a memorandum to the VA in February of 2014, not 2012, stating that it was rescinding "our P.O.A. to Russell Smith."  ECF No. 39-8 at 2-3.  Mr. Smith has not addressed the discrepancy between the year he alleges that the KCVC Defendants

revoked Mr. Smith's power of attorney and the year that the KCVC Defendants sent the memorandum rescinding the P.O.A. The Court will not infer evidence that does not exist in the record, and Mr. Smith has not responded to Defendants' proffered evidence.

Defendants also argue that Mr. Smith has provided no evidence that he ever appointed KCVC Defendants as his power of attorney; that the VA took any action on Mr. Smith's VA application in response to KCVC's 2014 memorandum; or that the KCVC Defendants' memorandum had any legal effect. ECF No. 36 at 14-15. In addition, Defendants contend that Mr. Smith has not alleged, and that RCW 11.94.043 does not provide, a cause of action for money damages. Mr. Smith did not respond to Defendants' arguments and assertions. *See* ECF No. 42.

The evidence in the record shows that Mr. Smith appointed the Vietnam Veterans of America-70 as his representative in March 2010. ECF No. 39-2 at 2. The VA issued a report in 2016 that indicates that it recognized the Vietnam Veterans of America as Mr. Smith's power of attorney as of February 4, 2016. ECF No. 39-9. There is no evidence regarding Mr. Smith's ever appointing the KCVC Defendants as his representative.

The Court finds that Mr. Smith has not presented evidence sufficient to create a genuine issue of material fact as to his RCW 11.94.043 power of attorney claim or to support his prima facie case. The Court finds that summary judgment is proper and dismisses with prejudice Mr. Smith's power of attorney claim.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 10

*42 U.S.C. § 1983 Claim*

Although the Court considers Mr. Smith to have abandoned his § 1983 claim, the Court still will analyze the claim as though it had been pleaded in the amended complaint. To satisfy the legal standard required by 42 U.S.C. § 1983, a plaintiff must prove two essential elements. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overturned on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). First, the conduct complained of must be "committed by a person acting under color of state law." *Id.* Second, the plaintiff must show that the conduct complained of deprived the plaintiff of some right, privilege, or immunity secured by the Constitution or federal statutory law. *See id.*

Section 1983 "contains no state-of-mind requirement independent of that necessary to state a violation of the underlying constitutional right." *Daniels v. Williams*, 106 S. Ct. 662, 664 (1986). In a § 1983 suit, "the plaintiff must still prove a violation of the underlying constitutional right." *Id.*

Defendants argue that Mr. Smith has not provided any evidence to support a civil rights claim under § 1983. ECF No. 36 at 6-12. In his response to Defendants' Motion for Summary Judgment, Mr. Smith asserts that Defendants interfered with Mr. Smith's life, liberty, and pursuit of happiness, but he provides no evidence to support this assertion. ECF No. 42 at 2. Mr. Smith does not identify a specific right which Defendants allegedly deprived. Mr. Smith also fails to identify the manner in which Defendants allegedly deprived him of that right.

In order to prove a § 1983 claim, Mr. Smith also must prove that an actor acting "under color of state law" undertook the complained-of conduct against him. A private actor may act "under color of state law" when its challenged conduct constitutes "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 (1982). "A challenged activity may be state action when it results from the State's exercise of 'coercive power,' when the State provides 'significant encouragement, either overt or covert,' or when a private actor operates as a 'willful participant in joint activity with the State or its agents.'" *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 296 (2001) (internal citations omitted).

Mr. Smith complains that the KCVC Defendants harmed him by preventing him from completing and submitting an application to KCVC in 2016 and by revoking a power of attorney without his knowledge. ECF No. 30 at 3. Defendant KCVC is an independent, non-profit corporation, distinct from Kittitas County. ECF No. 37, ¶ 8. Mr. Smith appears to argue that because Defendant KCVC had entered into an agreement with Kittitas County to implement a voucher system that utilized the Kittitas County veterans' relief fund, the KCVC Defendants were acting in concert with state actors. ECF No. 42. Mr. Smith does not bring any § 1983 allegations in his Complaint against the County Defendants. However, Mr. Smith asserts that there was a "chain of command" linking the County Defendants and the KCVC Defendants. ECF No. 42 at 2.

To support his argument, Mr. Smith submits what appear to be excerpts from RCW 73.08.035, RCW 73.08.080, and the agenda from an April 21, 2015, Board of County Commissioners of Kittitas County meeting. *Id.* at 2-4. These exhibits relate to the County Defendants' involvement with Kitittas County's veterans' relief fund, but do not demonstrate that the KCVC Defendants were operating "under color of state law" when Defendant Hillemann acted in an allegedly aggressive manner towards Mr. Smith in 2016 or when the KCVC Defendants sent the 2014 memorandum to the VA revoking a power of attorney that Mr. Smith had allegedly granted. Defendants state that KCVC is an independent, non-profit corporation, distinct from Kittitas County, and that Kittitas County does not direct, control, or manage the day-to-day operations of KCVC. ECF No. 37, ¶ 8.

The County Defendants additionally argue that the County Defendants cannot be held liable under § 1983 for actions of the County's employees. ECF No. 36 at 4. A municipality cannot be held liable under § 1983 for the actions of its employees under the theory of *respondeat superior*." *Jones v. Keitz*, 2017 U.S. Dist. LEXIS 58452, at *12 (E.D. Cal. Apr. 17, 2017) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Instead, to state a claim against a public entity under *Monell*, a plaintiff must show: "(1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 13

constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Mr. Smith has not alleged any of these elements, or provided any support for these elements, and thus fails to establish any liability of the County Defendants under § 1983.

The Court finds that Mr. Smith has not expressly asserted a § 1983 claim. Even if he had brought a claim under § 1983, Mr. Smith has not presented evidence sufficient to create a genuine issue of material fact necessary or support the prima facie case for a § 1983 claim. Therefore, the Court finds that summary judgment is proper and dismisses with prejudice Mr. Smith's civil rights claims brought against Defendants.

Finally, Mr. Smith stated in his response to the Motion for Summary Judgment, "Plaintiff has no objection to the Summary Judgment." ECF No. 42 at 5. The Court recognizes that Mr. Smith is a *pro se* litigant. However, taking this statement into consideration along with the other arguments and evidence presented with the pleadings on Defendants' Motion for Summary Judgment, the Court finds that summary judgment for Defendants is proper.

Accordingly, **IT IS HEREBY ORDERED THAT**

1. Defendants' Motion for Summary Judgment, **ECF No. 36**, is **GRANTED**, and Mr. Smith's claims are **dismissed with prejudice** as to all Defendants in this matter.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 14

2. All other pending motions are denied as moot.

The District Court Clerk is directed to enter this Order, provide copies to counsel, and **close this case**.

**DATED** November 20, 2017.

                                      *s/ Rosanna Malouf Peterson*
                                ROSANNA MALOUF PETERSON
                                  United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 15